■ ADA OPARAJI et al., Appellants, v 245-02 MERRICK BLVD, LLC, et al., Defendants. [53 NYS3d 358]—Appeal from an order of the Supreme Court, Queens County (Orin R. Kitzes, J.), dated April 28, 2015. The order denied the plaintiffs' motion to vacate a judgment entered January 13, 2015, that dismissed the complaint insofar as asserted against the defendants 245-02 Merrick Blvd, LLC, Esh Management, LLC, Robin Eshaghpour, Elena Eshaghpour, Sutphin Management Corp., Sutphin Tiana Realty, LLC, Sutphin Hampton Realty, LLC, Sutphin Moriches Realty, LLC, Sutphin Hollis Realty, LLC, Esh Acquisitions, LLC, 90-57 Sutphin Realty, LLC, 90-59 Sutphin Realty, LLC, and Superior Concrete & Masonry Corp.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for

injury to their real and personal property. The Supreme Court granted the motion of the plaintiff Maurice Oparaji for leave to enter a default judgment against the defendants Superior Concrete & Masonry Corp. and Steven B. Rabinoff Architect, P.C., and granted the plaintiffs' separate cross motion for leave to enter a default judgment against the defendants 245-02 Merrick Blvd, LLC, Esh Management, LLC, Robin Eshaghpour, Elena Eshaghpour, Sutphin Management Corp., Sutphin Tiana Realty, LLC, Sutphin Hampton Realty, LLC, Sutphin Moriches Realty, LLC, Sutphin Hollis Realty, LLC, Esh Acquisitions, LLC, 90-57 Sutphin Realty, LLC, and 90-59 Sutphin Realty, LLC. Following an inquest on the issue of damages, the court entered judgment dismissing the complaint insofar as asserted against the defendants who appeared at the inquest, upon its finding that the plaintiffs had presented "absolutely no evidence" substantiating their claimed damages. The plaintiffs moved to vacate the judgment, and the court denied that motion.

As the Supreme Court properly concluded, the plaintiffs set forth no grounds warranting the vacatur of the judgment entered at the conclusion of the inquest (*see* CPLR 5015 [a]). The plaintiffs do not argue, nor did they show, that the court erred in its determination that the plaintiffs failed to present evidentiary proof of their alleged damages (*cf.* CPLR 4404).

The plaintiffs' remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.